[Cite as *Wray v. Alexander*, 2014-Ohio-2129.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHELLE D. (ALEXANDER) WRAY | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 13 CAF 08 0066 |
| SCHUYLER J. ALEXANDER | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
Common Pleas, Division of Domestic
Relations; Case No. 08 DRA-05-243


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     May 14, 2014


APPEARANCES:


For Plaintiff-Appellant     For Defendant-Appellee


FREDERICK M. ISAAC          MARK A. CHUPARKOFF
JOANNE S. BEASY             Churparkoff & Junga LLP
Isaac Wiles Burkholder & Teetor, LLP     1650 Lake Shore Drive, Suite 150
2 Miranova Place, Suite 700     Columbus, Ohio 43204
Columbus, Ohio 43215-3742

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Michelle D. Alexander, nka Michelle D. Wray, appeals the July 29, 2013 Judgment Entry entered by the Delaware County Court of Common Pleas, Domestic Relations Division, which sustained defendant-appellee Schuyler J. Alexander's objections to the magistrate's April 17, 2013 decision to find him in contempt for failing to hold Appellant harmless on a debt to PNC Bank.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant and Appellee were married on August 29, 1998. Appellant filed a complaint for divorce on May 22, 2008. The parties entered into a Separation Agreement which was incorporated into the July 18, 2008 Judgment Entry-Decree of Divorce.

{¶3} During the course of the marriage, the parties owned and operated several businesses in Columbus, Ohio, and Cleveland, Ohio. Appellant and Appellee, jointly and severally, borrowed money on a line of credit from National City Bank, which was secured by a promissory note ("the Note"), for the businesses located in Cleveland, Luxury Bath Liners, Inc., and Simple Bath Chicago ("Cleveland businesses").

{¶4} Pursuant to the Separation Agreement, Appellant transferred her ownership interest in the Cleveland businesses to Appellee. Paragraph 7 of the Separation Agreement provides, in pertinent part:

> Wife shall transfer all her shares in Luxury Bath in accordance with the "Exchange Agreement" attached hereto and incorporated herein by reference. Wife shall also transfer all her interest in Simple Bath to Husband. Husband shall pay, and save Wife harmless from any and all

liabilities of Luxury Bath and Simple Bath including, but not limited to, all debts associated therewith including the line of credit with National City Bank.

{¶5} In accordance with this provision, Appellee made payments on the National City Bank line of credit throughout the remainder of 2008, the year 2009, and the first few months of 2010. Appellee ceased making payments thereafter. Appellee sold the Cleveland businesses on or about January 20, 2012. Although Appellee received $205,000 in proceeds from the sale, he did not use any of the monies to satisfy the obligation to National City Bank.

{¶6} PNC Bank, as successor in interest to National City Bank, filed a complaint on the Note, and, on November 20, 2012, received a judgment against both Appellant and Appellee in the amount of $115,761.91, plus $7,574.83, in interest and late fees, as well as attorney fees and costs.

{¶7} Through counsel, Appellant was able to negotiate a Forbearance Agreement with PNC Bank. Appellant paid $2,000, to PNC Bank for the Forbearance Agreement as well as $2,636.26, in attorney fees. Thereafter, on January 2, 2013, Appellant filed a motion for an order in contempt against Appellee for his failure to pay the obligation to PNC Bank and his failure to save Appellant harmless from the liability to PNC Bank. Appellant incurred $5,076.86, in attorney fees pursuing the contempt motion.

{¶8} The magistrate conducted a hearing on the motion on March 19, 2013. Via Decision filed April 3, 2013, the magistrate found Appellee in contempt for failing to pay the obligation to PNC Bank as well as for failing to save Appellant harmless on the

PNC Bank liability. The magistrate sentenced Appellee to 30 days in the Delaware County Jail, but provided him with the opportunity to purge the contempt by paying and forever saving Appellant harmless from any and all sums on the obligations set forth in paragraph 7 of the Separation Agreement. The magistrate further ordered Appellee purge his contempt by paying Appellant's legal fees as well as the $2,000, Appellant paid PNC Bank for the Forbearance Agreement. In addition, the magistrate ordered Appellee purge his contempt by paying Appellant $2,000/month in the nature of non-taxable spousal support, which sums Appellant would pay on the PNC Bank judgment.

{¶9} Appellee filed objections to the magistrate's decision on April 17, 2013. Via Judgment Entry filed July 29, 2013, the trial court found Appellee in contempt for failing to hold Appellant harmless as a result of her payment of $2,000 for the Forbearance Agreement with PNC Bank as well as the attorney fees associated therewith. However, the trial court determined Appellee was not in contempt for failing to hold Appellant harmless on the debt to PNC Bank, finding, "Each instance of non-payment must be prosecuted after the time the non-payment has incurred." July 29, 2013 Judgment Entry at 3.

{¶10} It is from this judgment entry Appellant appeals, assigning as error:

{¶11} "I. THE TRIAL COURT ERRED IN NOT HOLDING APPELLEE IN CONTEMPT FOR FAILING TO HOLD APPELLANT HARMLESS ON THE FULL AMOUNT OF THE PNC BANK DEBT PLUS INTEREST AND COSTS, AS WELL AS HER ATTORNEY FEES AND AMOUNTS PAID TO PNC BANK FOR THE FORBEARANCE AGREEMENT.

**{¶12}** "II. THE TRIAL COURT ERRED IN NOT REQUIRING APPELLEE TO PURGE HIS CONTEMPT BY THE PAYMENT TO APPELLANT, AS NON-TAXABLE SPOUSAL SUPPORT, A MONTHLY AMOUNT WHICH WOULD OVER TIME SATISFY THE JUDGMENT TAKEN BY PNC BANK.

I

**{¶13}** In her first assignment of error, Appellant argues the trial court erred in not finding Appellee in contempt for failing to hold Appellant harmless on the full amount of the PNC Bank debt plus interest and costs in addition to her attorney fees and amounts she paid to PNC Bank for the Forbearance Agreement.

**{¶14}** The trial court sustained Appellee's objection to the magistrate's finding him in contempt for failing to hold Appellant harmless on the full amount of the PNC Bank obligation. The trial court held, "Each instance of non-payment must be prosecuted after the time the non-payment has incurred." July 29, 2013 Judgment Entry at 3.

**{¶15}** At the time of the filing of Appellant's motion for an order in contempt, PNC Bank had not executed the judgment against Appellant nor had Appellant made any payments on the judgment. Appellant had not yet been "harmed" or suffered damages as a result of Appellee's failure to pay the obligation. We recognize should Appellant make any future payment(s) on the judgment and Appellee fail to hold her harmless thereon, Appellant may be forced to initiate additional motions for contempt. We note repeated failure subject Appellee to additional fines and jail time, in addition to payment of Appellant's attorney fees, should Appellee be found in contempt for refusal to do so.

{¶16} Appellant's first assignment of error is overruled.

II

{¶17} In her second assignment of error, Appellant asserts the trial court erred in not requiring Appellee to purge his contempt by paying Appellant a monthly amount, in the form of non-taxable spousal support, which would, over time, satisfy the judgment taken by PNC Bank.

{¶18} We overrule Appellant's second assignment of error based upon our disposition of Appellant's first assignment of error.

{¶19} The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Baldwin, J. concur